UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:18-cr-00072-DCN |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| JAMES C. GOODWIN III, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant James C. Goodwin's *pro se* Motion to Modify, Change, or Reduce his restitution payment schedule and a motion to proceed *in forma pauperis*. (Dkt. 69, 69-1, 71). The Government has filed nothing in opposition; nonetheless, the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Goodwin's Motions for the reasons below.

## II. BACKGROUND

On October 3, 2019, the Court sentenced Goodwin to 120 months incarceration and ordered him to pay three-thousand dollars ($3,000) in restitution. Dkts. 50–51. This

sentence followed Goodwin's plea of guilty to Possession of Sexually Explicit Images of a Minor in violation of 18 §§ 2252(a)(4)(B) and 2252(b)(2). Dkt. 32. The Court ordered that "while in custody, the defendant shall submit nominal payments of not less than $25 per quarter under the Bureau of Prisons' Inmate Financial Responsibility Program." Dkt. 51, at 8. Goodwin is currently incarcerated at Federal Correctional Institution Englewood ("FCI Englewood") in Colorado.

During his incarceration, Goodwin has held a work assignment within the prison's education department and was compensated eleven dollars and fifty cents per month for his efforts ($11.50/month). Dkt. 69, at 1. During that time, the BOP has deducted the twenty-five-dollar payment quarterly from Goodwin's inmate account pursuant to the Inmate Financial Responsibility Program ("IFRP"). *Id*. Goodwin states in his motion that on April 1, 2020, FCI Englewood was placed on a "quarantine lock-down" in response to COVID-19. *Id*.[1] Goodwin further states that he has been unable to work to earn the money necessary to pay the restitution and purchase basic hygiene supplies from the BOP's commissary since that time. Furthermore, Goodwin claims his family now bears the burden of providing him with money to pay for his supplies and meet his IFRP commitments. *Id*. at 2.

### III. LEGAL STANDARD

Generally, a federal court may not modify the terms of imprisonment once it has

---

[1] The CDC has recently relaxed some its COVID-19 guidelines, since the BOP adheres to CDC guidelines it is not clear to the Court if Goodwin is still unable to perform his prison job. Goodwin has not shown that FCI Englewood is still in quarantine lock-down.

been imposed. *See United States v. Aurda*, 993 F.3d 797, 799 (9th Cir. 2021). However, Congress has statutorily created exceptions and authorized the courts to modify prison sentences. *See Aurda*, 993 F.3d at 799. Under the Mandatory Victims Restitution Act a district court may, on its own, or upon the motion of any party, modify a final order of restitution if there is a showing of a "material change" in the defendant's circumstances that would affect his ability to pay.[2] 18 U.S.C. §§ 3664(k).

The defendant bears the burden of demonstrating any "material change" in his finical circumstances, 18 §§ 3664(e), and any alleged change must represent a "bona fide change in the defendant's financial condition." *United States v. Dale*, 613 F. App'x 912, 913 (11th Cir. 2015). There must be an "objective comparison of the defendant's financial condition before and after sentencing is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). Or, in the present case, an objective comparison of the defendant's financial condition before and after the claimed material changes in circumstances (the lock-down resulting from COVID-19).

### IV. DISCUSSION

Under the terms of his incarceration, Goodwin must pay a token sum of twenty-five dollars per quarter. Goodwin must demonstrate that the COVID-19 lock-down at FCI Englewood, which has prevented him from working and earning eleven dollars and fifty cents per month, is a bona fide change in his financial conditions, such that he is unable to pay twenty-five dollars per quarter. This he fails to do.

---

[2] 18 U.S.C. § 3664(k) authorizes the Court to adjust the restitution payment schedule, not the payment amount. *United States v. Watts*, 182 F. App'x 669, 670 (9th Cir. 2006).

MEMORANDUM DECISION AND ORDER - 3

The Court must make an "objective comparison" of Goodwin's financial conditions *before* and *after* the lock-down. *Grant*, 235 F.3d at 100. Goodwin offers no evidence to indicate what his financial condition was before April 2020; all the records provided by Goodwin are dated after the lock-down began. The court is left without the information it needs to ascertain if there has truly been a "material change" in Goodwin's financial condition.

However, even had those facts been offered to the court, the outcome would certainly have been the same. The financial records Goodwin offers show the balance sheets of an individual that is not at all dependent upon the wage of his prison employment. And as such, the loss of his prison employment does not represent a "bona fide change in the defendant's finical condition." *Dale*, 613 F. App'x at 913.

Goodwin states that he spends his wages on phone calls, basic hygiene, and his IFRP restitution deduction. The financial documents he provided show that he spent $1.43 on phone calls, $75.00 on his restitution payments, and just shy of $1000.00 on "basic hygiene" and commissary products, all within the same time period. Dkt. 69-1, at 2–5. Additionally, during that same time period, his payroll deposits from prison duties were $18.70, while he received a total of $933.05 in Western Union deposits (presumably from family and/or friends) with an ending balance of $39.20. Dkt. 69-1.

In Goodwin's circumstance, the loss of his wage from his prison employment does not constitute a material change in his economic circumstances. A mere ten percent reduction in his discretionary spending would cover the cost of his IFRP payments *for an entire year*—a more than a reasonable cut in light of COVID-19. Therefore, the Court

DENIES Goodwin's Motion.

## V. ORDER

The Court HEREBY ORDERS:

1. James C. Goodwin's Motion to Modify, Change, or Reduce Payment Schedule (Dkt. 69) is DENIED.

2. James C. Goodwin's Motions to Proceed *In Forma Pauperis* (Dkt. 69-1, 71) are DENIED as MOOT.[3]

DATED: June 25, 2021

David C. Nye
Chief U.S. District Court Judge

---

[3] At this stage in his criminal case there are no fees associated with Goodwin's Motion(s). Therefore, there is no need to file a Motion to Proceed *In Forma Pauperis*.

MEMORANDUM DECISION AND ORDER - 5