UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES C. GOODWIN, III,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:21-cv-00344-DCN<br>1:18-cr-00072-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioner James Goodwin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1), and the Government's Motion to Dismiss (Dkt. 9).[1] Goodwin filed a reply. Dkt. 13. For the reasons set forth below, the Court DENIES the Defendant's § 2255 Motion and GRANTS the Government's Motion to Dismiss.

## II. BACKGROUND

In 2007, Goodwin pled guilty to possession of child pornography and was sentenced to 120 months incarceration, followed by 20 years of supervised release in in Case No. 4:06-cr-00259-BLW. CR–259, Dkt. 27. On October 6, 2017, a petition was filed alleging Goodwin had violated the terms of his supervised release. CR–259, Dkt. 43. Goodwin was

---

[1] In this Order, "CR–72" is used when citing to Goodwin's criminal case record in 1:18-cr-00072-DCN-1 and "CR–259" when citing to Goodwin's first criminal case record 4:06-cr-00259-BLW. All other docket citations are to the record in the instant civil case.

MEMORANDUM DECISION AND ORDER-1

arrested on October 14, 2017. CR–259, Dkt. 47. Goodwin has been in federal custody since he was arrested.

On February 27, 2018, while already in federal custody, Goodwin was indicted for possession of sexually explicit images of a minor in Case No. 4:18-cr-72-DCN. Goodwin pled guilty to this charge on January 16, 2019. CR-72, Dkt. 32.

On September 30, 2019, the Court sentenced Goodwin to 120 months incarceration for possession of sexually explicit images of a minor (Case No. 4:18-cr-72-DCN) and 10 months incarceration for violation of his supervised release (Case No. 4:06-cr-00259-BLW). The Court ordered the sentences to be run concurrently and gave Goodwin credit for time served. The Court also sentenced Goodwin to supervised release for a term of life in Case No. 4:18-cr-72-DCN but did not include a term of supervised release in Case No. 4:06-cr-259-BLW.

Goodwin appealed his 2019 sentence for possession of sexually explicit images of a minor. Goodwin's appellate counsel filed an *Anders v. California*, 386 U.S. 738 (1967) brief, stating there were no grounds for relief. CR–72, Dkt. 67. Goodwin did not file a pro se supplemental brief even though he was given the opportunity to do so in that case. *Id*. The Ninth Circuit Court of Appeals concurred with Goodwin's appellate counsel, finding no grounds for relief on direct appeal, and Goodwin's 120-month sentence was affirmed on August 10, 2020. *Id*. The mandate was issued by the court on September 1, 2020. CR–72, Dkt. 68.

On August 23, 2021, Goodwin filed the instant § 2255 motion, seeking relief from

MEMORANDUM DECISION AND ORDER-2

his 2019 sentence for possession of sexually explicit images of a minor.[2] Dkt. 1.

The Government filed a Motion to Dismiss Petition on December 2, 2021. Goodwin responded on January 3, 2022. For the reasons stated below, the Court GRANTS the Government's Motion to Dismiss and DENIES Goodwin's § 2255 Motion.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]"

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing,

---

[2] Prior to this, Goodwin filed a § 2255 motion seeking relief from the 2019 sentence for violation of supervised release (Case No. 4:06-cr-259-BLW and 4:20-cv-00524-BLW). There he raised issues similar to those now before the Court. The Court dismissed Goodwin's § 2255 motion in Case No. 4:06-cr-259-BLW and 4:20-cv-00524-BLW for lack of jurisdiction because Goodwin was no longer in custody for that sentence.

"[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062–63 (quoting *Schaflander*, 743 F.2d at 717). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Sentences Not at Issue

Goodwin claims that his "prior conviction, sentence, period of supervised release and incarceration for violation" need to be "corrected." Dkt. 1, at 10. However, the Court limits Goodwin's instant § 2255 Motion to only the 2019 sentence of 120 months incarceration and a life term of supervised release for possession of explicit images of a minor. The Court will not entertain arguments regarding Goodwin's 2007 sentence nor his 2019 sentence for violation of supervised release. Goodwin has already requested relief

under § 2255 for those sentences, and the Court denied relief.[3] CR-259, Dkts. 40, 84. And Goodwin has not sought certification to file a successive § 2255 motion pursuant as § 2255(h) requires. Therefore, the Court will only consider Goodwin's arguments as they pertain to his 2019 sentence for possession of explicit images of a minor.

### B. Use of Images at Sentencing and Guideline Sentencing Range

Goodwin alleges that his constitutional rights were violated because the Court relied on child pornography images found in unallocated space on his phone and applied an incorrect guideline sentencing range. Neither of these arguments merits relief under § 2255.

Goodwin admitted to possessing child pornography when he pleaded guilty. The Presentence Investigation Report stated that Goodwin possessed thirty-three images of child pornography found on seized mobile electronic media storage devices.[4] CR–72, Dkt. 42, at ¶ 8. Goodwin now argues that the images were given improper consideration and weight at sentencing. Specifically, Goodwin argues that the files were found in an unallocated space, and he was unable to access or view them for more than fifteen months. He contends that because the images were in an unallocated space, the Court's reliance on the images "unduly prejudiced" him because "[n]o reasonable citizen would expect an individual to be aware of files in unallocated space on unknown technology." Dkt. 1, at 17.

---

[3] The Court dismissed Goodwin's § 2255 motion regarding his 2007 sentence because it was untimely. CR-259, Dkt. 40. The Court dismissed his § 2255 motion regarding his 2019 sentence for his supervised released violation for lack of jurisdiction because Goodwin was no longer in custody for on that sentence. CR-259, Dkt. 84.

[4] Goodwin objected to the Presentence Investigation Report's calculation of the number of images. CR-72, Dkt. 39, at 5. However, at the sentencing, Goodwin acknowledged that this objection would not change the guideline range but was part of his overall argument for a variance. CR-72, Dkt. 61, at 9.

MEMORANDUM DECISION AND ORDER-5

In making this argument, Goodwin ignores his plea of guilty to the offense conduct. Goodwin also argues that the Court erred in calculating his guideline sentencing range. The Court determined that Goodwin had a Criminal History Category IV, but Goodwin contends that he had lower criminal history category. Goodwin argues that the miscalculation of his criminal history category level increased the guideline range. After reviewing the record, the Court concludes that it properly calculated Goodwin's criminal history category and guideline sentencing range. Furthermore, this is not a claim of constitutional dimension, and therefore not cognizable by a § 2255 petition.

Accordingly, the Court DENIES Goodwin's arguments based upon the use of images at sentencing and sentencing guideline range.[5]

### C. Supervised Release Conditions

Goodwin argues that the life term of supervised release and conditions are unconstitutional. Goodwin challenges several conditions under two general arguments—that the conditions violate the non-delegation doctrine and are not reasonably related to his offense.[6]

### 1. *Non-Delegation*

Goodwin first argues that the conditions subject to the probation officer's direction

---

[5] At times, Goodwin seems to suggest that these arguments are also part of his claim that he had ineffective assistance of counsel. As necessary, the Court will later address these arguments as they pertain to that claim.

[6] Goodwin elected to not identify every condition he believes the Court should correct. Instead, Goodwin states that he is listing only a few examples. Dkt. 1, at 26. The Court will only review the challenges Goodwin specifically brings.

MEMORANDUM DECISION AND ORDER-6

or permission are unconstitutional under the nondelegation doctrine. Goodwin misconstrues the nondelegation doctrine.

Several of the supervised release conditions include language such as "at the direction of the probation officer" or "without the prior approval of the probation officer." CR-72, Dkt. 51, at 5–6. For example, the Court ordered that Goodwin participate in a mental health treatment program as a condition of his supervised release. Specifically, the terms of supervised release stated that he "shall participate in a program of mental health treatment, as directed by the Probation Officer." *Id.* at 5. The Court also ordered that Goodwin "shall not possess an animal without the prior approval of the probation officer and/or treatment provider." *Id.* at 6. Likewise, the terms also stated that Goodwin "will participate in polygraph testing at the direction of the probation officer." *Id.* at 5. A similar phrase was attached to the conditions that Goodwin not associate with known convicted felons or use a computer. In each of these conditions, the Court itself answered the question of *whether* to impose the condition on Goodwin but left for probation to administer and direct the practicalities of that condition.

For his argument that these conditions violate the non-delegation doctrine, Goodwin cites *United States v. Lee*, 950 F.3d 439 (7th Cir. 2020). Because this case is outside of the Ninth Circuit, it is only persuasive authority. Furthermore, *Lee* states:

> To determine whether a condition of supervised release violates the non-delegation rule, we distinguish between permissible conditions that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and impermissible delegations that allow the officer to decide the nature or extent of the defendant's punishment.

*Lee*, 950 F.3d at 447. (cleaned up). An example of a permissible, ministerial delegation

MEMORANDUM DECISION AND ORDER-7

would be "a condition requiring a defendant to attend treatment as approved by the probation officer" because "the court itself ordered participation in the program and only provides the probation officer authority to manage the details and supervision of the program." *Id*. In *Lee*, the district court had impermissibly delegated to the probation officer to determine *whether* to impose a condition. *Id.*

Here, the conditions set by the Court include ministerial delegations. The probation officer's future tasks are merely to manage or supervise, rather than to determine whether to impose punishment. What's more, the Ninth Circuit has held that such conditions "are not an unconstitutional delegation of authority to the probation office" because they delegate only "the details of where and when" or offer "flexibility to allow from some exceptions to the total ban." *United States v. Wells*, 29 F.4th 580, 592 (9th Cir. 2022). Therefore, the conditions of supervised released are not unconstitutional under the nondelegation doctrine.

2. *Reasonably Related*

Goodwin also argues that several of the conditions are not reasonably related to his offense or are unconstitutional for alternative reasons. To determine whether conditions of supervised release impermissibly infringe upon a defendant's rights, "a reviewing court must inquire whether the limitation is primarily designed to affect the rehabilitation of the probationer or insure the protection of the public." *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998) (cleaned up). Thus, even if a condition infringes a defendant's fundamental right, it is valid if it if the following elements are met:

MEMORANDUM DECISION AND ORDER-8

> [It] (1) is reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).

*United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007).

First, Goodwin challenges the condition that he take medications as prescribed by a mental health professional. He contends that this is unconstitutional because it infringes on his liberty interests. As the Ninth Circuit has explained, conditions requiring a defendant to take all medications as prescribed must be understood as limited to those medications that do not implicate a particularly significant liberty interest. *United States v. Castaneda*, 735 Fed. App'x 262, 266 (9th Cir. 2018) (citing *United States v. Daniels*, 541 F.3d 915, 926 (9th Cir. 2008). While Goodwin is on supervised release, Goodwin "may challenge prescribed medication that he believes, in good faith, implicates his significant liberty interests." *Id.* With that implicit limitation, this condition is constitutional.

Second, Goodwin challenges the conditions restricting his ability to be around children. The terms of supervised release include the following restrictions:

- The defendant shall not knowingly have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.
- The defendant will not reside or loiter within 500 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.
- The defendant may not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance by his probation officer.

MEMORANDUM DECISION AND ORDER-9

CR-72, Dkt. 51, at 5. Goodwin argues that these conditions are not reasonably related to his offense, unconstitutionally restrict his familial relationships, and unconstitutionally bar him from attending church. The Court disagrees. The Court imposed these conditions at sentencing given the tremendous danger sex offenders, especially those with multiple convictions, potentially pose to children. These conditions are reasonably related to Goodwin's convicted offense and to the goals of rehabilitating Goodwin and protecting the public. *See Daniels*, 541 F.3d at 928 (holding that a condition prohibiting "frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18 was proper for a conviction of a child pornography offense").

What's more, these conditions do not unconstitutionally burden his familial relationships or his free exercise rights. Goodwin cites to *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012), which holds that insofar as a condition prohibits contact with one's own children, it implicates the fundamental liberty interest of parents. Goodwin does not have minor children, so *Wolf Child* is inapposite. Goodwin's argument that the conditions violate his free exercise rights by prohibiting him from attending church is likewise disjointed from reality. None of the conditions prohibit him from attending church. Goodwin cites *Manning v. Powers*, 281 F. Supp. 3d 953 (C.D. Cal. 2017), to argue that the condition prohibiting him to not reside or loiter within 500 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen is unconstitutional under the Free Exercise and Establishment Clauses of the First Amendment because it would disallow him from attending church. In *Manning*, the

MEMORANDUM DECISION AND ORDER-10

probation officer repeatedly prohibited the probationer from going to church under the guise of a similar condition. *Manning*, 281 F. Supp. 3d at 958. It was that overly broad *interpretation* of the condition that the *Manning* court said was "likely to result in a violation of the Free Exercise Clause." *Id.* at 962. Simply put, the conditions in the Goodwin's case do not bar him from attending church, so this argument fails to warrant § 2255 relief.

Third, Goodwin argues that the length of supervised release is unconstitutional. The Court sentenced Goodwin to a lifetime of supervised release to follow his 120 months in prison. "A life term of supervised release is particularly appropriate for sex offenders given their high rate of recidivism." *United States v. Williams*, 636 F.3d 1229, 1233 (9th Cir. 2011). Goodwin is himself a recidivist and admitted to possessing deleted images of child pornography on his phones after a prior sex offense conviction, a factor which the Court correctly found to be indicative of future dangerousness. *See id.* (citing *Rummel v. Estelle*, 445 U.S. 263, 276 (1980)). The Court finds that the life term of supervised release is not unconstitutionally disproportionate given the circumstances of this case. *See id.*

Fourth, Goodwin challenges the mandatory condition that he comply with the Sex Offender Registration and Notification Act ("SORNA"). Goodwin contends that this condition is unconstitutional. The Ninth Circuit has repeatedly held otherwise. *E.g.*, *United States v. Fernandes*, 636 F.3d 1254, 1257 (9th Cir. 2011) (rejecting a defendant's challenge that requiring sex offenders to register as a condition of their probation violates procedural due process); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1130 (9th Cir. 2014) ("Moreover, the Supreme Court's opinions in *Reynolds v. United States*, 565 U.S. 432

MEMORANDUM DECISION AND ORDER-11

(2012), and *Carr v. United States*, 560 U.S. 438 (2010), affirming but limiting SORNA, implicitly affirm SORNA's constitutionality." (cleaned up)); *United States v. Juvenile Male*, 670 F.3d 999, 1008–14 (9th Cir. 2012) (holding that SORNA's registration requirements did not violate juvenile sex offender's constitutional rights). Accordingly, Goodwin's argument about the condition requiring him to comply with SORNA also fails.

In summary, the Court DENIES Goodwin's arguments based upon the supervised release conditions and life term.

### D. Restitution and Assessment

Section 2255 relief is limited to claims "to be released" from custody. 28 U.S.C. § 2255(a). "[B]y its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *see also United States v. Thiele*, 314 F.3d 399, 401–02 (9th Cir. 2002) (holding that even if the challenge to restitution comes with other challenges to the sentence, the restitution challenge cannot be brought under § 2255). Nor can it be used to challenge an assessment. *United States v. Perdichizzi*, 2019 WL 3302595, at *1 (E.D. Cal. July 23, 2019). Accordingly, the Court cannot grant § 2255 relief from either the restitution or assessment.

### E. Ineffective Assistance of Counsel

Finally, Goodwin claims ineffective assistance of counsel via § 2255 on three separate grounds: (1) counsel advised him to plead guilty; (2) counsel failed to make various objections at sentencing; and (3) counsel did not raise any argument that the allegations against Goodwin were perjured.

MEMORANDUM DECISION AND ORDER-12

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The federal law governing claims of ineffective assistance of counsel is stated in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and its progeny. In short, a challenger must prove both: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

Goodwin first claims that his plea was not voluntary because he only pled guilty upon advice from his counsel and because his counsel failed to raise any challenges under *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011). To establish ineffective assistance under the *Strickland* test here, Goodwin must show (1) that his counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases,"; and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985).

Goodwin contends that his counsel advised him to plead guilty despite Goodwin's discovery of caselaw Goodwin believed could get the case dismissed. Rather than arguing that his counsel gave him incompetent advice regarding the terms of the plea deal, Goodwin focuses his argument on his counsel's failure to make an argument under *Flyer* and get the case dismissed. Goodwin's reliance on *Flyer* is misplaced.

In *Flyer*, the defendant was charged with and convicted of various violations of 18

MEMORANDUM DECISION AND ORDER-13

U.S.C. § 2252. On appeal, the Ninth Circuit held that there was insufficient evidence of *knowing* possession because all child pornography files had been deleted and were found only in the unallocated area of the defendant's hard drive. *Id.* The government conceded that it presented no evidence at trial that the defendant knew about these files or that he had the ability to access them. *Id.* at 918. As such, the *Flyer* court concluded that the "deletion of an image alone does not support a conviction for knowing possession of child pornography on or about a certain date within the meaning of § 2252(a)(4)(B)," given that there was "[n]o evidence . . . Flyer could recover or view any of the charged images in unallocated space or that he even knew of their presence there." *Id.* at 920.

Here, Goodwin admitted to the offense conduct when he pled guilty. What's more, a forensic examination of the data contained on Goodwin's seized mobile electronic media storage devices revealed 33 images of child pornography and 50 images of exploitative and/or age difficult images. CR–72, Dkt. 42, at 4. The devices were found at Goodwin's residence. *Id*. Thus, the Government had evidence of Goodwin's knowing possession. The Court finds no fault with Goodwin's counsel for not raising an argument based on *Flyer* since the case was inapposite to Goodwin's circumstances. Even if *Flyer* had been applicable, Goodwin fails to show that the omission was below the range of competence or that the charges would have been dismissed.

Goodwin next argues that he had ineffective assistance of counsel because his counsel did not raise certain objections at sentencing. While Goodwin seems to suggest that he had many objections that were not raised by counsel, he only specifies two: the life term of supervised release and the guideline calculation. As stated earlier, the life term of

MEMORANDUM DECISION AND ORDER-14

supervised release is not unconstitutional as Goodwin believes, and the guideline calculation was not in error. Thus, this is not a cognizant claim for ineffective assistance of counsel.

Finally, Goodwin argues that his counsel's performance was deficient because his counsel did not raise any argument that the allegations against Goodwin were perjured. The only allegations Goodwin refers to as being false relate to his revocation sentence—not his sentence for possession of sexually explicit images of a minor. *See* Dkt. 1, a 12. As stated earlier, the Court will not entertain arguments regarding his sentence for violation of supervised release.

In summary, Goodwin fails to meet the *Strickland* test or show that his plea was not knowing and voluntary.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Goodwin has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

MEMORANDUM DECISION AND ORDER-15

If Goodwin wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Goodwin's conviction or sentence at this time. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, Goodwin's § 2255 Motion is DENIED and the Government's Motion to Dismiss (Dkt. 9) is GRANTED.

## VII. ORDER

The Court HEREBY ORDERS:

1. Goodwin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1); CR–72 (Dkt. 81) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Government's Motion to Dismiss Petition under 28 U.S.C. § 2255 (Dkt. 9) is **GRANTED**.

3. The Court finds there is no need for an evidentiary hearing.

4. No certificate of appealability shall issue. Goodwin is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Goodwin files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: May 5, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-17