UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>JAMES C. GOODWIN,<br><br>      Defendant. | Case No. 4:18-cr-00072-DCN-1<br>      4:21-cv-00344-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendant James C. Goodwin's Motion for Extension of Time (Dkt. 83), Motion to Seal Case or Alter Language (Dkt. 88), Motion for Temporary Injunction (Dkt. 89), Motion for Leave to Appeal In Forma Pauperis (Dkt. 92), Motion to Compel Government to Return Property and Provide Documents (Dkt. 103), Motion to Reverse and Rescind Order of Restitution and Assessment (Dkt. 108), and Motion for Summary Judgment (Dkt. 112). The Government has filed nothing in opposition; nonetheless, the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion for Extension, DENIES without prejudice the Motion to Return Property, and DENIES all other Motions.

## II. BACKGROUND

On September 30, 2019, the Court sentenced Goodwin to 120 months of incarceration for one count of possession of sexually explicit images of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), to be followed by a life term of supervised release. Dkt. 51, at 1–3. Goodwin was ordered to pay $3,000 in restitution to the Child Pornography Victims Reserve. Dkt. 51, at 7. The Court also imposed a total assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22. *Id*. Goodwin is currently incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"). Dkt. 77, at 2.

On September 2, 2021, Goodwin filed a Motion for Extension of Time. Dkt. 83. The Government filed no response.

On December 14, 2021, Goodwin filed a Motion to Seal Case or Alter Language. Dkt. 88. The Government filed no response.

On December 17, 2021, Goodwin filed a Motion for Temporary Injunction. Dkt. 89. The Government filed no response.

On May 2, 2022, Goodwin filed a Motion for Leave to Appeal In Forma Pauperis. Dkt. 92. The Government filed no response.

On May 5, 2022, the Court denied Goodwin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 95.

On June 7, 2022, the Court denied Goodwin's Motion for Compassionate Release. Dkt. 98.

On June 28, 2022, Goodwin filed a Motion to Compel Government to Return

Property and Provide Documents. Dkt. 103. The Government filed no response.

On July 28, 2022, Goodwin filed a Motion to Reverse and Rescind Order of Restitution and Assessment. Dkt. 108.[1]

On February 2, 2023, Goodwin filed a Motion for Summary Judgment. Dkt. 112. The Government filed no response.

The Court will address each motion in turn. As an overarching theme, however, the Court notes that Goodwin's current slew of motions do not raise any legitimate matters for adjudication. He is admonished that filing repetitive or frivolous motions may result in restrictions on filing.

### III. LEGAL STANDARD

"Rule 11 allows for sanctions against an attorney, law firm, or party who violates Rule 11(b) by filing a pleading or motion that is, *inter alia*, frivolous, for an improper purpose, or lacking in evidentiary support." *Meyer v. Bank of Am., N.A.*, 2012 WL 4470903, at *12 (D. Idaho Aug. 14, 2012), *report and recommendation adopted*, 2012 WL 4458141 (D. Idaho Sept. 26, 2012) (citing Fed. R. Civ. P. 11). An action is frivolous if it is "both baseless and made without reasonable and competent inquiry," or "groundless . . . with little prospect of success . . .." *Chevron U.S.A., Inc. v. M & M Petroleum Servs., Inc.*, 658 F.3d 948, 952 (9th Cir. 2011) (cleaned up). A district court has the discretion to impose sanctions under Rule 11 and under "its inherent authority to curb abusive litigation

---

[1] The Court notes that the Ninth Circuit has issued three decisions relating to some of Goodwin's appellant motions after he filed his Motion to Reverse and Rescind Order of Restitution. Dkt. 109; Dkt. 110; Dkt. 111. The Ninth Circuit denied each of Goodwin's appellant motions. *Id*. These three decisions by the Ninth Circuit have no bearing on Goodwin's civil case and criminal case before the Court.

practices." *DeDios v. Int'l Realty Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011) (cleaned up).

However, courts should "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying [] rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

## IV. ANALYSIS

### A. Motion for Extension of Time

In this motion, Goodwin generically asks the Court for additional time for his filings because of restrictions relating to quarantine protocols at FCI Englewood. *See* Dkt. 83, at 1. Goodwin does not specify any particular motion that is forthcoming, nor does he explain how much additional time he needs. This motion was filed almost two years ago. Thus, for all intents and purposes, the Court has granted the motion in allowing Goodwin to file papers over the last 20 months. Thus, the Motion is GRANTED, but only as to motions filed prior to the date of this decision. Those pending motions are deemed timely.

### B. Motion to Seal or Alter Language

Here, Goodwin motions the Court, "to seal and/or alter language of this case and all cases, filings, papers, and matters pertaining to it." Dkt. 88, at 1. However, this is the only sentence in the motion besides a footnote citing caselaw that courts should liberally construe filings made by pro se litigants. *Id.*, at 1 n.1. As the Court always does, it will liberally construe Goodwin's motion. *Thomas*, 611 F.3d at 1150.

The problem, however, is that even liberally construed, the Court does not know what Goodwin is asking or why. Presumably he wants his entire criminal case sealed, but

he provides no explanation, caselaw, or analysis for his request.[2] Goodwin's single sentence cannot provide the Court adequate information to rule on the request. This motion is frivolous and offers no basis upon which the Court could make a reasoned ruling.

Thus, the Court DENIES this motion.

**C. Motion for Temporary Injunction**

Goodwin motions the Court for a temporary injunction regarding the Bureau of Prisons deducting too much money from his BOP trust account. Dkt. 89, at 2. Goodwin wishes to stop the BOP from deducting the disputed funds until the Court resolves this matter. *Id*., at 3.

The BOP is currently taking money out of Goodwin's account pursuant to the restitution and assessment imposed on Goodwin by the Court's Judgment. Dkt. at 51, at 7. Goodwin argues that the BOP is overstepping its authority to take more money than the minimum amount as stated by their policy and cites several cases to back up this contention: *United States v. Lee*, 950 F.3d 439 (7th Cir. 2020); *U.S. v. Block*, 2023 WL 2242672 (D.S.D. Feb. 27, 2023); *Hughey v. U.S.*, 495 U.S. 411 (1990); *U.S. v. Rich*, 603 F.3d 722 (9th Cir. 2010); *U.S. v. Hardy*, 707 F. Supp. 2d 597 (W.D. Pa. 2010); *U.S. v. Ross*, 279 F.3d 600 (8th Cir. 2002); *Kelly v. Robinson*, 479 U.S. 36 (1986); and *U.S. v. Tallent*, 872 F. Supp. 2d 679 (E.D. Tenn. 2012). Goodwin cites several cases from other Circuit, and District, Courts, but these cases are only persuasive authority to the Court. The two U.S. Supreme Court cases and the one Ninth Circuit case that Goodwin cites are

---

[2] Notably, many documents in Goodwin's case are *already* sealed.

precedential authority, so the Court will consider them here.

The three precedential cases that Goodwin cites deal with issues surrounding restitution. In *Hughey*, the Supreme Court reversed and remanded a decision stating that the defendant had to pay restitution for his conviction because the lower courts misinterpreted a provision of the Victim and Witness Protection Act pertaining to restitution. 495 U.S. at 422.

In *Kelly*, the Supreme Court held that the defendant's restitution obligations, imposed by a state court, were not subject to discharge in Chapter 7 Bankruptcy proceedings. 479 U.S. at 53.

And in *Rich*, the Ninth Circuit held that a deceased Defendant's restitution obligations were to be abated because the assets attached to the restitution were not gained by fraud. 603 F.3d at 726.

While binding, none of these cases relate to Goodwin's situation. The BOP is rightfully deducting money from Goodwin's account pursuant to the Court's Judgment. There is no evidence of fraud by the BOP. There is no evidence that the Court, or the Government, has misinterpreted any federal laws and Goodwin does not provide any specific examples. Lastly, there is no evidence that Goodwin is a party to any bankruptcy proceedings.

It is not "unconstitutional" as Goodwin states nor is it "unethical" for the BOP to comply with the Court's orders. Dkt. 89, at 2. The Court issued a valid Judgment, and the BOP is following its policy pursuant to the Judgment. The Judgment stated, "[w]hile in custody, the defendant shall submit nominal payments of *not less than* $25 per quarter

MEMORANDUM DECISION AND ORDER - 6

pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." Dkt. 51, at 8 (emphasis added). The BOP taking more than the minimum of $25 from his payment account is not restricted by the Judgment or BOP policy. The BOP policy clearly states that adjustments in the payment plan are up to the "discretion of the Unit Manager and is to be decided on a case-by-case basis." Dkt. 89, at 7; BOP Program Statement 5380.08.

Goodwin does not provide any information on his plight other than voicing his disapproval that the BOP is taking out more money than he was expecting and inconsistencies in the amount it deducts each month. *Id.*, at 2. But this is of no import. Goodwin can disagree with the Judgment and BOP policy, but the BOP's actions are in line with both and do not violate any of his rights. Based on the limited information available to the Court, the Court does not see any issues regarding the BOP's conduct.

Thus, this motion is DENIED.

### D. Motion for Leave to Appeal In Forma Pauperis

Goodwin next motions the Court to appoint him a public defender in his effort to appeal.[3] Dkt. 92, at 1. However, Goodwin has already appealed, and the Ninth Circuit denied his appeal for not making a "'substantial showing of the denial of a constitutional right.'" Dkt. 109, at 1. The Ninth Circuit also denied his other pending appeal motions as moot. *Id.*

---

[3] Goodwin does not state what he is appealing in this motion. However, he filed a Notice of Appeal (Dkt. 85) to the Court's decision (Dkt. 82) on his Motion for Compassionate Release. The Court assumes, for this motion, he is referring to his appeal of the Court's Compassionate Release decision. It should also be noted that the Ninth Circuit remanded the Court's first decision on the Motion for Compassionate Release to consider intervening caselaw. Ninth Circuit Case No. 21-30202, Dkt. 13. The Court, again, denied the Motion for Compassionate Release (Dkt. 98). Goodwin has indicated his intent to appeal that decision as well. Dkt. 100.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel.

Thus, this motion is DENIED.

### E. Motion to Compel Government to Return Property and Provide Documents

Goodwin motions the Court to order the Government to return the property that it seized—aside from those items already seized by the Court—and to make an "enumerated list of all seized items." Dkt. 103, at 1.

Federal Rule of Criminal Procedure 41(g) permits "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property [to] move the district court . . . for the return of the property on the ground that such person is entitled to lawful possession of the property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). A defendant has a right to reclaim his property when it is "no longer needed as evidence." *Id.*

Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

Goodwin states he is not seeking the return of the Samsung Galaxy cellphones that

were seized by order of the Court, but he alleges that other items were also seized. Dkt. 103, at 2. Goodwin does not give specifics on which additional items were seized. Without that itemization, there is nothing the Court can rule on. The burden is on a defendant to show that the Government has possession of items that were wrongfully seized or no longer needed for the case. The motion is denied without prejudice.

### F. Motion to Reverse and Rescind

In this motion, Goodwin asks the Court to reverse and rescind the restitution and assessment ordered upon him as part of the Court's Judgment. Dkt. 108, at 1.

The Mandatory Restitution Statute, 18 U.S.C. § 2259, requires restitution for offenses involving sexual exploitation and other abuse of children. *United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir. 2011). The restitution order must "direct the defendant to pay the victim . . . the full amount of the victim's losses." 18 U.S.C. § 2259(b)(1)). Section 2259 defines the phrase "full amount of the victim's losses" as follows:

> "[F]ull amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including--
>> (A) medical services relating to physical, psychiatric, or psychological care;
>> (B) physical and occupational therapy or rehabilitation;
>> (C) necessary transportation, temporary housing, and child care expenses;
>> (D) lost income;
>> (E) reasonable attorneys' fees, as well as other costs incurred; and
>> (F) any other relevant losses incurred by the victim.

MEMORANDUM DECISION AND ORDER - 9

18 U.S.C. § 2259(c)(2). Under the standard set forth by the Ninth Circuit, the Court must make three determinations in order to award restitution under section 2259: "(1) that the individual seeking restitution is a 'victim' of the defendant's offense; (2) that the defendant's offense was a proximate cause of the victim's losses; and (3) that the losses so caused can be calculated with 'some reasonable certainty.'" *Kennedy*, 643 F.3d at 1263 (cleaned up).

Goodwin argues that the Child Pornography Victims Reserve ("Reserve") is not an identifiable victim under § 3663A(c)(B) and § 2259. Dkt. 108, at 3. In addition, he argues that § 2259 is unconstitutional for violating the Ex Post Facto Clause of the U.S. Constitution. *Id*. Lastly, he argues that the Court did not make a proper determination of his indigency status before ordering the assessment against him in violation of 18 U.S.C. § 3014(a). *Id*., at 4. Goodwin is demonstrably wrong on all three assertions.

First, § 2259(b)(4) mandates the Court issue a restitution order. Further, under § 2259(b)(4)(B), the Court cannot deny the issuance of a restitution order based on whether "the victim has[] or is entitled to" receive restitution from the Reserve. There is no guarantee that victims will ever need the money from the Reverse or will seek it, but Congress understands children victimized by sexual abuse often do not recover quickly from their injuries. *U.S. v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999). Goodwin already plead guilty that to the crime of possession of sexually explicit images of a minor. In addition, Goodwin admitted at his change of plea hearing that he understood there were identifiable victims in the images he contained on his phones. Dkt. 60, at 18. The National Center for Missing and Exploited Children identified four individuals in the images he

possessed. *Id*., at 17. Furthermore, the Supreme Court has stated, "[i]t would be inconsistent with this purpose to apply [§ 2259] in a way that leaves offenders with the mistaken impression that child-pornography possession (at least where the images are in wide circulation) is a victimless crime." *Paroline v. U.S.*, 572 U.S. 434, 458 (2014).

Goodwin attempts to muddy the waters when referring to the Reserve as the "identifiable victim", but it is obvious the victims are the individuals that appeared in the sexually explicit images he stored on his phones. Those victims may one day need the Reserve, or are already accessing the Reserve, and that is why the Reserve was created in the first place.

Second, the Supreme Court has interpreted the Ex Post Facto Clause as laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *California Dept. of Corrections v. Morales*, 514 U.S. 499, 504 (1995). Section 2259 was amended in December 2018, but Goodwin was subject to the provisions of the previous version of the law. There have been no new punishments or increases to his punishments attributed to Goodwin because of the amended § 2259, therefore the Ex Post Facto Clause does not apply.

Third, Goodwin was *not* indigent at the time of sentencing. While he had Court-appointed attorneys during the pendency of this case—indicating his indigency—he retained Curtis Smith prior to sentence. Accordingly, while the Court did not *formally* make any finding on the record about his indigency, the fact he retained counsel illustrated he was not indigent, and the assessment was proper. The Court waived the interest on the assessment, and allowed for a payment plan, but correctly determined Goodwin was able

to pay the assessment itself. Dkt. 61, at 36.

Thus, this motion is DENIED.

**G. Motion for Summary Judgment**

Finally, Goodwin motions the Court for summary judgment because the Government has not responded to his Motion for Temporary Injunction. The Court has already stated that the Motion for Temporary Injunction is denied, thus this motion will be DENIED as MOOT.

## V. CONCLUSION

For the reasons stated above, Goodwin's Motion for Extension of Time is GRANTED as to motions filed prior to this decision, his Motion to Compel Government to Return Property and Provide Documents is DENIED without prejudice, and all other motions are DENIED.

## VI. ORDER

IT IS HEREBY ORDERED:

1.  The Motion for Extension of Time (Dkt. 83) is **GRANTED, as to motions already filed**.

2.  The Motion to Seal Case or Alter Language (Dkt. 88) is **DENIED**.

3.  The Motion for Temporary Injunction (Dkt. 89) is **DENIED**.

4.  The Motion for Leave to Appeal In Forma Pauperis (Dkt. 92) is **DENIED**.

5.  The Motion to Compel Government to Return Property and Provide Documents (Dkt. 103) is **DENIED** without prejudice.

6.  The Motion to Reverse and Rescind Order of Restitution and Assessment (Dkt. 108) is **DENIED**.

7.  The Motion for Summary Judgment (Dkt. 112) is **DENIED** as **MOOT**.

DATED: June 9, 2023

David C. Nye
Chief U.S. District Court Judge