UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JAMES C. GOODWIN III,<br><br>    Defendant. | Case No. 4:18-cr-00072-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are multiple motions filed by the Defendant, James Goodwin, including: a Motion for Compassionate Release (Dkt. 119), a Motion for Emergency Ruling (Dkt. 120), a Motion to remove Counsel (Dkt. 127), a Motion to Reduce Sentence (Dkt. 128), a Motion to Set Briefing (Dkt. 129), and a Motion for Emergency Consideration (Dkt. 130). The Government has not responded to any motion.[1]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] The disposition of each motion is set forth below.

---

[1] The Court is not implying the Government should have responded to any motion. The Court often sets forth a briefing schedule if it wants to hear from the Government on any issue. That said, the Government is always welcome to respond as it sees fit even without an order from the Court.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

## II. BACKGROUND

On September 30, 2019, the Court sentenced Goodwin to 120 months of incarceration for one count of possession of sexually explicit images of a minor in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), to be followed by a lifetime term of supervised release. Dkt. 51, at 1–3. Goodwin is currently incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood") and has an anticipated release date of April 22, 2026.

Goodwin has been busy during his incarceration. Between appeals to the Ninth Circuit and the Supreme Court, he has filed numerous motions with this Court. But some have been incorrectly filed. For example, Goodwin's Motion for Emergency Ruling at Dkt. 120 was in reference to his Ninth Circuit case. The Ninth Circuit already denied that Motion. *See* Dkt. 120. Accordingly, that Motion is DISMISSED as improperly filed.

Some of Goodwin's other filings cover a variety of topics. For example, his Motion for Compassionate Release (Dkt. 119) and his Motion to Reduce Sentence (Dkt. 128) both include the same arguments. Specifically, Goodwin contends an early release is warranted because of his father's health challenges and his own rehabilitative efforts. He also argues that recent amendments to the federal sentencing guidelines should be retroactively applied to his case. The Court has been down this path before, at least as it relates to Goodwin's request for compassionate release based upon his father's health.

On June 24, 2021, Goodwin filed a Motion for Compassionate Release based upon his own personal health and the ailing health of his father. Dkt. 72. The Court denied the Motion. Dkt. 82. Goodwin appealed. Dkt. 85. The Ninth Circuit summarily vacated the

Court's denial of Goodwin's Motion and remanded the case with instructions that the Court consider the implications of *United States v. Aruda,* 993 F.3d 797, 801–02 (9th Cir. 2021)—a case that was published *after* the Court's decision. Dkt. 91. The Court did as the Circuit instructed and reached the same conclusion: that Goodwin's Motion be denied. Dkt. 98. Goodwin again appealed. Dkt. 104. The Ninth Circuit affirmed the Court's denial of his Motion. Dkt. 115.

Thus, Goodwin's argument in his current motions relative to his father's health have been raised and adjudicated. That said, the Court will review the situation anew. Additionally, it will discuss Goodwin's new arguments in support of release. The Court will not reach Goodwin's sentence reduction arguments until the Government has had an opportunity to respond. As it relates to these matters, Goodwin has filed two motions to spur the Court to act on his request: a Motion to Set Briefing Schedule (Dkt. 129) and Motion for Emergency Consideration (Dkt. 13). Insofar as Goodwin requests that, the Court will set a briefing schedule on his Motion and strive to issue a decision in a timely manner, these two motions are GRANTED.

Finally, Goodwin filed a Motion to Remove Counsel. Dkt. 127. Goodwin is not currently represented by counsel. As the pending matters were filed after the imposition of sentence, Goodwin does not have a right to an attorney and the Court has not appointed one to represent him. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). However, it appears the Federal Defenders reached out to Goodwin after he filed his Motion for Compassionate Release indicating they might be willing to help. The Court does not know for sure, but

this could have been because Goodwin sought a sentence reduction in addition to compassionate release. When the recent guideline amendments became effective, the Court enlisted the assistance of the Federal Defenders and the United States Attorney's Office to review cases that might be affected by the changes. Regardless, Goodwin claims he did not hear from the Federal Defenders after their initial contact, and he affirmatively *does not* want them working on his case. Again, no attorney is currently appointed or working on his case, but to the extent it is necessary to formally rule on Goodwin's Motion, the same is GRANTED. Goodwin will proceed pro se.

The Court will now turn to the substantive requests within Goodwin's motions dealing with compassionate release. As will be explained below, the Court will hold in abeyance Goodwin's motion for a sentence reduction pending review by the Government.

### III. LEGAL STANDARD

Goodwin seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered

criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those

---

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a sentence reduction.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his Motion, Goodwin included a copy of his request to the Warden at FCI Englewood for early release to care for his father. Dkt. 119, at 65. Goodwin sent his request to the warden on September 25, 2023. Insofar as 30 days elapsed before he filed the instant Motion before the Court on November 27, 2023, exhaustion is satisfied. The Court will

proceed to the next stage of its inquiry.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Goodwin's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Sapp bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

As explained above, Goodwin's request for an early release at this time—as it has been for the past four years—is based upon the ailing health of his father. The Court is sympathetic to Goodwin's situation. But as the Court previously explained, caring for one's parent does not fall within the scope of a compassionate release. Dkt. 82, at 7 n.6. Notably, since the Court's prior ruling, the guidelines have been updated to reflect a broader application of this factor.

Under Sentencing Guidelines § 1B1.13(b)(3)(C), extraordinary and compelling reasons may exist where a defendant's parent has become "incapacitated" and the defendant is the "only available caregiver for the parent." Goodwin relies on this newly amended portion of § 1B1.13(b)—which again, was added *after* his previous motions for compassionate release—to argue that he has demonstrated extraordinary and compelling reasons warranting release.

The problem is that the record does not clearly establish that Goodwin's father is "incapacitated." The Court takes Goodwin's word that his father is 81 years old, has

numerous health conditions, and requires assistance to accomplish many of life's daily tasks. However, health challenges are not unique to elderly people and many—or even multiple—health challenges do not render a person incapacitated. Furthermore, Goodwin submitted letters in support of his motion from all his siblings. Dkt. 119-1, at 49–53. While these letters detail the hardships Goodwin's father is facing, they also indicate Goodwin is not the "only available caregiver" for his father. Goodwin's mother is still alive, and most of the siblings who wrote the Court indicate they are helping take care of their father as best they can. Again, the Court is sympathetic to Goodwin's plight. But his situation does not qualify as extraordinary. *See, e.g., United States v. Crisp*, 2022 WL 3448307, at *5 (E.D. Cal. Aug. 17, 2022) ("Many inmates have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one."). What's more, even if his father is truly incapacitated, there are other family members available to assist in his care.

Turning next to rehabilitation, the Court commends Goodwin's work ethic and good behavior while incarcerated. It appears Goodwin has completed numerous worthwhile programs and is making good personal progress. Dkt. 119, at 8–9. That said, rehabilitation, standing alone, is not an extraordinary and compelling reason for purposes of the Sentencing Commission's policy statement. *See* U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

MEMORANDUM DECISION AND ORDER - 8

Thus, while the Court acknowledges and appreciates Goodwin's rehabilitative efforts and strongly encourages him to continue on his current path, it is not persuaded that these efforts, considered in combination with any other circumstances raised in his motion, amount to an extraordinary and compelling reason warranting early release.

Finally, and in spite the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Goodwin's release at this time.[4] Goodwin committed the instant offense (possession of child pornography) while on supervised release. He has a prior conviction for possession of child pornography as well as other criminal conduct—including the possession of firearms and ammunition while on supervised release. In light of his criminal history, the Court feels the public is best protected by Goodwin's continued incarceration at this time.

### C. Reduction in Sentence

As alluded to above, part of Goodwin's Motion for Compassionate Release, and the bulk of his Motion to Reduce Sentence, is based upon Amendment 821 to the United States

---

[4] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

Sentencing Guidelines. Goodwin claims he should receive the benefit of the amendment retroactively. The Court would like the Government to respond specifically to this argument.[5] The Court is not seeking a response from the Government because it believes Goodwin's argument here is, or is not, persuasive. It would simply like the Government to review the Motion/s and whether the 821 Amendments apply and provide the Court its opinion.

## V. CONCLUSION

Goodwin exhausted his administrative remedies. That said, Goodwin has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. His father's ailing health and personal rehabilitative efforts, while both admirable, are insufficient to justify compassionate release.

Weighing all relevant factors, the Court cannot depart from its prior sentence and release Goodwin at this time.

## VI. ORDER

The Court HEREBY ORDERS:

1.  Goodwin's Motion for Compassionate Release (Dkt. 119) is DENIED.

2.  Goodwin's Motion for Emergency Ruling (Dkt. 120) is DISMISSED.

3.  Goodwin's Motion to Remove Counsel (Dkt. 127) is GRANTED.

4.  Goodwin's Motion to Reduce Sentence (Dkt. 128) is DENIED as to the discussions about health and rehabilitation. The Clerk of the Court shall leave

---

[5] In other words, the Government does not have to respond to Goodwin's Motion for Compassionate release or any other motion or argument; just the 821 arguments.

MEMORANDUM DECISION AND ORDER - 10

this motion as "pending" as the remaining matters are still under advisement.

5. Goodwin's Motion to Set Briefing (Dkt. 129) and Motion for Emergency Consideration (Dkt. 130) are GRANTED to the extent the Court has now set a briefing schedule.

6. The Government's response to Goodwin's Motion to Reduce Sentence is due 21 days from the date of this decision. Goodwin can file a reply within 21 days of when he receives the Government's brief.

DATED: March 18, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11