UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JAMES C. GOODWIN III,<br><br>　　　Defendant. | Case No. 4:18-cr-00072-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant James Goodwin's Motion to Reduce Sentence (Dkt. 128), Motion for Extension of Time (Dkt. 140), and Motion to Compel (Dkt. 145). Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES the Motion to Reduce Sentence and Motion to Compel and GRANTS the Motion for Extension.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On September 30, 2019, the Court sentenced Goodwin to 120 months of incarceration for one count of possession of sexually explicit images of a minor in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), to be followed by a lifetime of supervised release. Dkt. 51, at 1–3. Goodwin is currently incarcerated at the Federal Correctional Institution in Englewood, Colorado and has an anticipated release date of April 22, 2026.

Goodwin has filed more than 30 motions, letters, notices, and requests since he was sentenced. The Court has addressed each it turn. Relevant here, on March 18, 2025, the Court entered an omnibus decision addressing six of Goodwin's motions. Dkt. 135. As part of that decision, the Court denied the portion of Goodwin's Motion to Reduce Sentence that dealt with compassionate release. *Id*. at 7–9. The Court held in abeyance Goodwin's other arguments about changes to the sentencing guidelines and asked the Government to respond. *Id*. at 10-11. The Government dutifully responded in objection. Dkt. 137.

Goodwin then filed a Motion for Extension of Time to Appeal the Court's March 18, 2025 Decision alleging he did not receive it with sufficient time to appeal. Dkt. 140.

Finally, Goodwin asks the Court to compel the Government to provide him an itemized list of all seized property in this case. Dkt. 145.

## III. DISCUSSION

### A. Motion to Reduce Sentence (Dkt. 128)

Once a sentence has been imposed, courts generally may not correct or modify that sentence. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Exceptions to this general principle have been carved out in Federal Rule of Criminal Procedure 35 and 18 U.S.C.

MEMORANDUM DECISION AND ORDER - 2

§ 3582(c)(1). Even so, these exceptions are narrow. Pertinent here, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Courts apply a two-step inquiry to determine whether a defendant is entitled to relief under this section. First, the Court must determine whether a retroactive amendment to the Sentencing Guidelines lowered the defendant's guidelines range and whether a reduction is consistent with the applicable guideline policy statements. *Dillon*, 560 U.S. at 826–27. Second, if both conditions are satisfied, the Court must weigh the § 3553(a) factors to determine if it will exercise its discretion to reduce the sentence. *Id*.

Goodwin cannot satisfy either step required to warrant a reduction of his sentence under § 3582(c)(2). He seeks application of a reduced criminal history category under Amendment 821. But this amendment had no effect on the sentence the Court originally imposed because the Court sentenced Goodwin to the mandatory minimum sentence—which fell below his guideline range sentence even with the benefit of Amendment 821. Second, even if the guideline applied, the Court finds a reduction of Goodwin's sentence would not be consistent with the 3553(a) factors—as it has repeatedly explained in prior decisions in this case. *See* Dkt. 82, at 10; Dkt. 98, at 8–9; Dkt. 135, at 9. Accordingly, Goodwin is not entitled to relief under 18 U.S.C. § 3582(c)(2) and the Motion is DENIED.

MEMORANDUM DECISION AND ORDER - 3

### B. Motion for Extension of Time (Dkt. 140)

The Court accepts Goodwin's representations that there was a delay in him receiving the Court's most recent Decision and GRANTS his Motion for Extension of Time to Appeal. The Court notes the Ninth Circuit already accepted Goodwin's appeal. Dkt. 142.

### C. Motion to Compel (Dkt. 145)

Goodwin previously moved the Court for an order returning all his seized property—except those items he agreed were subject to forfeiture. Dkt. 103. The Court, however, denied his request and explained it was Goodwin's burden to identify what property he was actually seeking and show he was lawfully entitled to that property. Dkt. 113, at 8–9.

Goodwin now asks for a list from the Government of what was seized in this case so that he can make his request. Goodwin's request is improper. First, Federal Rule of Criminal Procedure 41 outlines that, once any property seized is no longer evidence, the Government should return the property (absent a showing otherwise). *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991). The Court assumes the Government will abide by its duties in this case. Thus, Goodwin may obtain some property in that manner. Second, however, Goodwin cannot simply ask the Government to do his job for him. He must identify specific property and explain whether he has legal title to that property. The Motion to Compel is DENIED.

///

///

///

MEMORANDUM DECISION AND ORDER - 4

## IV. ORDER

The Court **HEREBY ORDERS**:

1.  Goodwin's Motion to Reduce Sentence (Dkt. 128) is DENIED.

2.  Goodwin's Motion for Extension (Dkt. 140) is GRANTED.

3.  Goodwin's Motion to Compel (Dkt. 145) is DENIED.

DATED: April 8, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5